Jeffrey G. Maxwell, ABA #1705026
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@bcmjlaw.com

Counsel for Plaintiff
Alaska United Food and Commercial Workers
Health and Welfare Trust

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA UNITED FOOD AND COMMERCIAL WORKERS HEALTH AND WELFARE TRUST,<br><br>　　　　　Plaintiff,<br>　v.<br><br>THE TRADING UNION, INC., an Alaska corporation,<br><br>　　　　　Defendant. | Case No. |

# COMPLAINT FOR MONETARY DAMAGES

## I. PARTIES

1.1     Plaintiff Alaska United Food and Commercial Health and Welfare Trust Fund (the Health Trust) is a Taft-Hartley trust fund established to provide and maintain group life and group accident and health insurance or other service as may be determined by the Trustees for the benefit of employees and associate employees. The Health Trust maintains its principal office in Anchorage, Alaska.

COMPLAINT FOR MONETARY DAMAGES – 1

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00264-JMK   Document 1   Filed 12/06/22   Page 1 of 8

1.2     Defendant The Trading Union, Inc. (Trading Union) is an Alaska corporation with its principal place of business in Anchorage, Alaska.

## II.  JURISDICTION AND VENUE

2.1     This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).  This Court has supplemental jurisdiction on the Health Trust's state-law contract claim pursuant to 28 U.S.C. §1367.

2.2     Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2).

## III.  FACTS

3.1     On August 5, 2021, Jeffrey D'Ambrosio, on behalf of D'Ambrosio and Associates, of which the Trading Union is a member, executed a Master Labor Agreement with the United Food & Commercial Workers Union Local 1496 (the "Union").  The Master Labor Agreement covers all employees of the Employers' present and future grocery stores in Petersburg and Mitkof Island falling within the jurisdiction of this Agreement, with respect to rates of pay, hours, and other conditions of employment.

3.2     The Master Labor Agreement contains an evergreen clause.

3.3     By becoming party to the Master Labor Agreement, the Trading Union agreed to report and make fringe benefit contributions to the Health Trust.

3.4     The Health Trust is a beneficiary under the terms of the Master Labor Agreement.

3.5     By becoming party to the Master Labor Agreement, the Trading Union agreed to the terms of the Alaska United Food and Commercial Health and Welfare Trust Fund:

COMPLAINT FOR MONETARY DAMAGES – 2

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00264-JMK   Document 1   Filed 12/06/22   Page 2 of 8

> 19.03 Each Employer and the Union agree to be bound by the terms and provisions of that certain Trust Agreement which created the Alaska United Food and Commercial Workers health and Welfare Trust Fund dated February 26, 1965, and all amendments heretofore or hereafter made to such Agreement and any successor Trust Agreement. Each Employer and the Union also accept as their lawful representatives the Employer Trustees and the Union Trustees presently serving on the Board of Trustees of said Trust Fund and their duly appointed successors.

3.6 The Health Trust agreement was amended and restated effective March 11, 2019 and is the current version in effect.

3.7 The Trading Union's obligations under the Health Trust are set forth in Article II, Sections 8 – 10 of the *Restated Agreement and Declaration of Trust of the Alaska United food and Commercial Workers Health and Welfare Trust*, restated March 11, 2019, and as amended. Under the Health Trust, The Trading Union agreed to, among other things:

- Submit its reports on or before the 10th day of the calendar month immediately following the month for which the contributions are accrued;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the Health trust for purposes of an examination and/or audit of the payroll books and records of the participating employers;

- Payment of liquidated damages of twenty percent (20%) on all delinquent contributions, or $50, whichever is greater;

- Payment of interest of twelve percent (12%) per annum on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8 Upon information and belief, following execution of the Master Labor Agreement, The Trading Union used employees to perform covered work subject to the Master Labor

COMPLAINT FOR MONETARY DAMAGES – 3

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00264-JMK   Document 1   Filed 12/06/22   Page 3 of 8

Agreement. The Trading Union also began its monthly reporting and payment of fringe benefit contributions to the Health Trust under three separate accounts: 91000, 91001, and 91002.

3.9 The Trading Union also executed a Special Agreement with the Health Trust that allowed its non-bargaining unit employees to participate in and obtain healthcare coverage (the Associate Agreement). For each non-bargaining unit employee that participates, The Trading Union pays a flat-rate contribution to the Health Trust. These flat-rate contributions are reported on the same monthly remittance reports as the contributions for bargaining unit employees. The Special Agreement also incorporates by reference the delinquency and collections procedures as set forth in the Health Trust agreement.

3.10 On or about July 19, 2022, The Trading Union provided the Health Trust with unfunded remittance reports for June 2022 on all three accounts. The Trading Union reported but did not provide payment of fringe benefit contributions totaling $15,783.85, including flat-rate contributions owed for its non-bargaining unit employees. The deadline to report and pay contributions was Monday, July 11, 2022.

3.11 On or about September 22, 2022, The Trading Union provided the Health Trust with unfunded remittance reports for July 2022 on all three accounts. The Trading Union reported but did not provide payment of fringe benefit contributions totaling $13,080.61, including flat-rate contributions owed for its non-bargaining unit employees. The deadline to report and pay contributions was Monday, August 15, 2022.

3.12 That same day, The Trading Union provided the Health Trust with unfunded remittance reports for August 2022 on all three accounts. The Trading Union reported but did not provide payment of fringe benefit contributions totaling $13,594.46, including flat-rate

COMPLAINT FOR MONETARY DAMAGES – 4

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00264-JMK   Document 1   Filed 12/06/22   Page 4 of 8

contributions owed for its non-bargaining unit employees. The deadline to report and pay contributions was Thursday, September 15, 2022.

3.13 On or about November 28, 2022, The Trading Union provided the Health Trust with unfunded remittance reports for September 2022 on all three accounts. The Trading Union reported but did not provide payment of fringe benefit contributions totaling $11,566.79, including flat-rate contributions owed for its non-bargaining unit employees. The deadline to report and pay contributions was Monday, October 17, 2022.

3.14 Also on November 28, 2022, The Trading Union provided the Health Trust with unfunded remittance reports for October 2022 on all three accounts. The Trading Union reported but did not provide payment of fringe benefit contributions totaling $10,181.16, including flat-rate contributions owed for its non-bargaining unit employees. The deadline to report and pay contributions was Tuesday, November 15, 2022.

3.15 The Trading Union has failed and/or refused to pay the reported fringe benefit contributions, despite demand.

3.16 As of the date of this complaint, The Trading Union owes the Health Trust $56,066.87 in delinquent fringe benefit contributions under the Master Labor Agreement for the period June 1, 2022 through November 30, 2022, plus additional amounts for liquidated damages and accrued prejudgment interest. The Trading Union also owes the Health Trust $8,140.00 in non-bargaining unit contributions under the Associate Agreement. The Health Trust also claims additional amounts owed representing attorney fees and costs of collection.

3.17 Upon information and belief, The Trading Union's failure to properly report and pay fringe benefit contributions to the Health Trust is continuing.

COMPLAINT FOR MONETARY DAMAGES – 5

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00264-JMK   Document 1   Filed 12/06/22   Page 5 of 8

## IV. CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1 The Health Trust realleges each and every allegation contained in ¶¶3.1 – 3.17 above.

4.2 The Trading Union's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Master Labor Agreement between the Union and The Trading Union, to which the Health Trust is a beneficiary. The Trading Union's failure to properly report and pay fringe benefit contributions constitutes breaches of the Trust Agreements, the terms of which The Trading Union agreed to when it became signatory to the Master Labor Agreement.

4.3 As a result of The Trading Union's breaches, the Health Trust have been damaged in an amount to be proven at trial but not less than $56,066.87 in fringe benefit contributions, plus additional amounts for liquidated damages, prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4 The Health Trust realleges each and every allegation contained in ¶¶3.1 – 3.17 above.

4.5 The Trading Union's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6 As a result of The Trading Union's violation, the Health Trust have been damaged in an amount to be proven at trial but not less than $56,066.87 in fringe benefit contributions under

COMPLAINT FOR MONETARY DAMAGES – 6

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00264-JMK   Document 1   Filed 12/06/22   Page 6 of 8

ERISA, plus additional amounts for liquidated damages, prejudgment interest, attorney fees, and costs of collection.

### Third Cause of Action
### (Breach of Contract/Associate Agreement)

4.7     The Health Trust realleges each and every allegation contained in ¶¶3.1 – 3.17 above.

4.8     The Trading Union's failure to report and pay non-bargaining contributions as required under the written terms of the Special Agreement constitutes a breach of contract under Alaska law.

4.9     As a result of The Trading Union's breach, the Health Trust have been damaged in an amount to be proven at trial but not less than $8,140.00 in non-bargaining unit contributions, plus prejudgment interest, attorney fees, and costs of collection as allowable under the Special Agreement or under Alaska law.

### V. REQUESTED RELIEF

The Plaintiff Health Trust respectfully request the Court grant the following relief:

A.  Entry of an injunction or other equitable relief that enjoins The Trading Union from further breaches of the labor and trust agreements to which it is a party; specifically, entry of an order compelling The Trading Union to timely provide its monthly remittance reports and payment of fringe benefit contributions going forward;

B.  Judgment in favor of the Health Trust against The Trading Union, in an amount to be determined at trial, but not less than $56,066.87, representing past-due and delinquent fringe benefit contributions owed by Defendant pursuant to the terms of the labor and trust agreements to which The Trading Union is a party;

C.  Judgment in favor of the Health Trust against The Trading Union, in an amount to be determined at trial, representing liquidated damages owed by Defendant pursuant to the terms of the labor and trust agreements to which The Trading Union is a party;

COMPLAINT FOR MONETARY DAMAGES – 7

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00264-JMK   Document 1   Filed 12/06/22   Page 7 of 8

D. Judgment in favor of the Health Trust against The Trading Union, in an amount to be determined at trial, representing accrued prejudgment interest owed by Defendant pursuant to the terms of the labor and trust agreements to which The Trading Union is a party;

E. Judgment in favor of the Health Trust against The Trading Union, in an amount to be determined at trial, but not less than $8,140.00, representing past-due and delinquent non-bargaining unit contributions owed by Defendant pursuant to the terms of the Special Agreement to which The Trading Union is a party;

F. An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which The Trading Union is a party, and as authorized under ERISA, the applicable trust agreement, the Special Agreement, or under Alaska law;

G. An award of post-judgment interest on the delinquent ERISA contributions at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA;

H. An award of post-judgment interest on the delinquent non-bargaining unit contributions at the rate specified in the Special Agreement or as allowed under Alaska law; and

I. Any other such relief under federal or Alaska law or as is just and equitable.

Dated: December 6, 2022.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, ABA #1705026
**Barlow Coughran Morales & Josephson, P.S.**
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@bcmjlaw.com

Counsel for Plaintiff
Alaska United Food and Commercial Workers
Health and Welfare Trust

COMPLAINT FOR MONETARY DAMAGES – 8

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:22-cv-00264-JMK   Document 1   Filed 12/06/22   Page 8 of 8